## Ellen E. Flynn, Adm'x, etc.,
### v.
## Wabash, St. Louis & Pacific R. R. Co.

1. Practice.—A motion to strike out the plaintiff's evidence being in the nature of a demurrer to the evidence admits not only all the facts proved but also every conclusion which the jury might fairly and reasonably infer therefrom.

2. Negligence.—In an action on the case brought against a railroad company to recover damages for the killing of an employe, a brakeman, where it was alleged that the company negligently permitted a pipe on the engine to be out of repair, in consequence of which water leaked on the track and froze, and that the brakeman while uncoupling cars, in the exercise of due care, slipped on such ice and was run over and killed by the cars, and plaintiff offered to prove that the company had been notified of such defect. *Held* that it was error for the court to instruct the jury that "upon the facts in this case as proved by the evidence, the plaintiff is not entitled to recover and your verdict therefore will be for the defendant, not guilty."

Appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding. Opinion filed January 27, 1886.

This was an action on the case brought by appellant against appellee to recover damages under the statute, for the killing of her husband. The declaration contained two counts.

The first count recites that Edward A. Flynn, in his lifetime, was employed as a brakeman by defendant at its Twelfth street yard, January 23, 1884, and was then engaged as such on a certain freight train and locomotive, and was using all proper and ordinary care and diligence; that it was the duty of defendant to have said locomotive in a reasonably safe and proper condition; that defendant suffered said locomotive to be and remain in a bad and unsafe condition and repair, by

means whereof it leaked and caused large quantities of water to fall on• the track, which were converted into ice by the extreme cold, thereby causing the said Edward A. Flynn, whilst so engaged, to slip and fall under the freight cars, and that he died from injuries thereby received; that plaintiff is his widow, and that he left him surviving Stephen Flynn, his son.

The second count is similar to the first, but avers that it was the duty of Edward A. Flynn, in braking, to be near and adjacent to the train; that it was the duty of the defendant to have its locomotive in a reasonably safe and proper condition and repair, and the rails in a reasonably safe condition and to have so kept them; that the defendant wrongfully and negligently suffered said locomotive and track to be and remain in bad and unsafe condition, and the rails and track to be covered with ice, by means of a leakage of water from said locomotive, by means of which the said Edward A. Flynn slipped and fell, etc.

The case was tried by a jury, and at the conclusion of the plaintiff's evidence, the counsel for the defendant moved the court to exclude the evidence for the plaintiff from the jury, whereupon the court gave to the jury the following instruction:

" The jury are instructed that upon the facts in this case as proved by the evidence, the plaintiff is not entitled to recover, and that your verdict therefore will be for the defendant, not guilty," to the giving of which instruction the plaintiff then and there excepted. The jury found for the defendant. The plaintiff moved the court for a new trial, which motion being overruled, the plaintiff duly excepted, and appealed to this court.

Mr. B. M. SHAFFNER, for appellant.

Messrs. SLEEPER & WHITON, for appellee.

WILSON, J. Upon a careful consideration of the evidence given and offered by the plaintiff, we are of opinion that it fairly tended to prove the issue, and was sufficient to have re-

quired the court to submit the case to the jury. It appeared from the evidence that the deceased was in the employ of appellee as a switchman at its Twelfth street yard in Chicago, his duty being to throw the switch and cut off cars.

On the day of the accident the deceased was engaged in cutting off the rear car of a freight train, consisting of an engine and about six cars, in doing which he stepped in, according to the usual custom in such cases, between the cars, while the train was slowly in motion, to remove the connecting pin by which the cars were coupled. The head of the pin had been broken off, rendering it difficult to pull it out, and while endeavoring to do so, the deceased slipped upon a ridge of ice formed by water falling from the engine and freezing by the side of the rail, and he was run over by the engine, receiving an injury which resulted in his death.

It was proven by the engineer in charge of the engine and by the switchman working with the deceased, that the engine in question had been out of repair for about two months prior to the accident; that there was a crack in one of the pipes out of which a stream of water, described by the engineer as about the breadth of his four fingers, and of the thickness of a sheet of paper, flowed down upon the side of the track whenever the pump was worked or the engine was in motion. The water thus flowing down and freezing caused a ridge of ice on the side of the track upon which the deceased slipped and fell. The plaintiff offered to prove that this defective condition of the engine had been reported to the company and that they were expressly notified of the same prior to the time of the accident, but the court refused to allow such proof, and the plaintiff excepted.

We see no reason why the evidence offered was not admissible. The declaration avers that it was the duty of the defendant to have and keep its said engine in a reasonably safe and proper condition and repair, and that it wrongfully and negligently suffered the same to be and to remain in a bad and unsafe condition and repair, by reason whereof it leaked and caused large quantities of water to fall and be deposited upon the track, etc.

The law is well settled that a railroad company is bound to use reasonable care and diligence in providing and maintaining a safe road and safe machinery for the use of its servants. C. & N. W. Ry. Co. v. Swett, 45 Ill. 203; Ill. C. R. R. Co. v. Welch, 52 Id. 184. And it is equally well settled that it is bound to use all reasonable care to keep its track in a reasonably safe condition for the protection of its servants as well as passengers. In Ill. Cent. R. R. Co. v. Patterson, it is said: "A railroad company is bound to keep its track and road in a safe condition, in order to secure the safety of all persons who may lawfully be upon it, either as passengers or servants." Here one of the material and essential allegations of the declaration was that the defendant had not used due care and diligence in keeping its engine and tracks in safe repair and condition, and while the language of the court just quoted imposes a higher degree of responsibility in requiring a railroad to absolutely keep its track and machinery in a safe condition and repair than is required by the current of decisions on that subject, the rule, nevertheless, is, that the company must exercise reasonable and ordinary care and diligence to that end. The escaping water from the engine and its freezing upon the track was the producing cause of the deceased's injury, and the plaintiff should have been allowed to show that the railroad company was notified of the imperfect condition of the engine which allowed the water to escape. Chi. & E. Ill. R. R. Co. v. Rung, 104 Ill. 646. The natural and necessary result of allowing the water to flow upon the track in midwinter was, that it would freeze and accumulate ice adjacent to the rail, rendering it more or less dangerous for switchmen when in the act of coupling and uncoupling cars; and the company must be presumed to have foreseen and known that accidents might result therefrom. As the company was required to use all reasonable diligence to keep its tracks in a safe condition for its employes, and also to foresee that the accumulation of ice near the rail would render it hazardous for their switchmen when coupling and uncoupling moving cars, it was its duty when notified of the defective condition of the engine, to have used all reasonable means to

avert the danger therefrom by repairing the engine, removing the ice, or adopting some other means reasonably at their command, to accomplish the desired result, and it was guilty of negligence in failing to do so.

But it is said the danger was patent to the deceased, and as he assumed the risk he must abide the consequences. Whether the danger was patent and whether the deceased was chargeable with a want of care depends upon a variety of circumstances. The ice may not have been equally distributed and the deceased may not have been aware that there was a ridge of ice at the particular spot where he attempted to uncouple the cars; the ice may have been hidden by a covering of snow ; the light may have been dim, and in his haste deceased may not have had time to carefully look. These were all matters which should have been submitted to the jury in determining the question whether the deceased was in the exercise of due care. We can not say, as a matter of law, that he was not.

A motion to strike out the plaintiff's evidence, being in the nature of a demurrer to the evidence, admits not only all the facts proved, but also every conclusion which the jury might fairly and reasonably infer therefrom. Lawrence v. Mut. Life Ins. Co., 5 Bradwell, 280, and cases there cited.

We think the evidence on the part of the plaintiff, given and offered, clearly tended to show a cause of action, and uncontradicted was sufficient to make a *prima facie* case ; and that the court erred in taking it from the jury. The judgment is therefore reversed and the cause remanded for a new trial.

Reversed and remanded.